CENTRAL TRUST CO. OF NEW YORK v. SOUTHERN RY. CO. et al. (Circuit Court, W. D. North Carolina. June 30, 1897.)

SIMONTON, Circuit Judge. This bill is filed by the trustee of a mortgage executed by the Southern Railway Company to secure bonds to the amount of millions of dollars. The mortgage covers the entire system and all the property of the mortgagor, including the lease of the North Carolina Railroad. The bill declares that this lease is of vital importance to the value of the system, and to the security of the mortgage; that the threats to rescind, destroy, or break the lease will not only result in a permanent injury to the security it holds, but is now creating alarm, and is disturbing the value of the securities on the market; that the danger and loss threatened are irreparable. The bill, stating the same facts, is against the same parties, meets the same responses, and depends on the same facts and principles as in the case of Southern Ry. Co. v. North Carolina R. Co. (just decided) 81 Fed. 595. It is subject to the same conclusion. It is therefore ordered that the question of fact inquired into, which question is as follows: "Was the lease executed bona fide, without fraud, covin, misrepresentation, or malpractice of any sort? This is a question wholly of fact. The charge is made by the defendants Messrs. Russell and Walser, and of the new board of directors, and in the answer of the lessor filed by them." Let this issue be referred to Kerr Craige, Esq., as special master, under the following instructions: That he take such testimony as may be produced before him touching all matters relating to or incidental with this question, holding references at such time and place as may be most convenient; that upon this issue the defendants the new board of directors and Messrs. Russell and Walser have the affirmative of this issue, and the opening and reply in the testimony; and that they be allowed 60 days, if so long be necessary, within which to produce testimony, dating from the service of this order; that the complainant and the old board of directors have the negative of this issue, and that they be allowed 60 days, if so long be necessary, after the opposite party announce their evidence closed, and that 20 days, if so long be necessary, be allowed for reply, beginning when respondents announce that

[1] Rehearing denied July 6, 1897.

they have closed; and that said special master report the evidence with all convenient speed thereafter. In the meantime the restraining order heretofore issued is continued until further order.